IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICKEY J. COLLIER,

  Plaintiff,

v.

MS. MAASSEN, JOHN DOE,
NURSE KOSTHRYZ,
NURSE LABARBARA and NURSE
MIDDLETON,

  Defendants.

OPINION and ORDER

Case No. 17-cv-64-wmc

*Pro se* plaintiff Rickey Collier contends that staff at Jackson Correctional Institution ("JCI") violated his Eighth Amendment and state law rights in the manner in which they distributed his medications. Because Collier was incarcerated when he filed his complaint and is proceeding *in forma pauperis* the court must screen it pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. After reviewing the complaint, the court concludes that while Collier's complaint is subject to dismissal, he will receive the opportunity to file an amended complaint that addresses the deficiencies explained below.

ALLEGATIONS OF FACT[1]

During the relevant time period, Collier was incarcerated at JCI, and each of the defendants were working. They are: Ms. Maassen, the Health Services Unit ("HSU")

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the facts above based on the allegations in Collier's complaint.

nursing coordinator; John Doe, a correctional officer ("CO"); and nurses Kosthryz, Labarbara and Middleton.

As of September of 2016, Collier was prescribed warfarin to prevent his blood from clotting. Collier states that his daily dosage varied, but he does not explain the specific condition he suffers from, how or why his dosage varies or who typically decides whether his dosage should change. On September 2, 2016, CO Doe gave Collier the wrong medication. The next day, September 3, Collier submitted an interview/information request to the HSU, in which he complained about that incident. In response, Ms. Helgeson (not a defendant in this action) responded "this was addressed[;] nursing staff is now giving meds." (Compl. (dkt. #1) at 3.)

On September 17, however, nurse Middleton refused to give Collier his medication, telling Collier that the on-duty officer would be giving him his medication that day. Later that day, Collier submitted another information request directed to the HSU supervisor, complaining that neither the on-duty officer nor nursing staff gave him his medication despite the previous assurance that a nurse would be administering his medication. Apparently Helgeson responded, again saying that a nurse would be giving him his medication. Collier does not allege whether he received his medication that day. However, the next day, September 18, nurses Kosthryz, Labarbara and Middleton insisted that the officer would be giving him his medication. Again, Collier does not allege whether he received his medications or who he received them from.

On September 19, Collier filled out another interview/information request, yet again complaining that the nursing staff would not give him his medication. The next day,

Middleton responded that she believed that his request had been addressed. Collier alleges that nursing staff did not begin to deliver his medication until the end of October of 2016.

OPINION

Plaintiff claims that he was harmed because untrained or undertrained officers delivered his medication instead of nurses. He is seeking leave to proceed on an Eighth Amendment deliberate indifference and negligence claims against each of the defendants. However, plaintiff may not proceed at this time because his allegations fail to meet the requirements of Federal Rule of Civil Procedure 8. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's allegations are too sparse and vague to state a claim under the Eighth Amendment. A prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Serious medical needs" include (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" means that the officials are aware that the prisoner needs

3

medical treatment, but are disregarding the risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Under this standard, plaintiff's must allege the following three elements:

1. Did plaintiff objectively need medical treatment?

2. Did defendants know that plaintiff needed treatment?

3. Despite their awareness of the need, did defendants consciously fail to take reasonable measures to provide the necessary treatment?

As to the first element, plaintiff alleges very little about his medical need, only that he is prescribed warfarin to prevent his blood from clotting. It appears that he is prescribed a daily dosage, but he does not provide any details about specifically what this medication is meant to treat that would permit the court to infer that he actually suffers from a "condition" that requires treatment. While plaintiff's allegation that he was prescribed the medication suggests that he needs treatment, he has not included any allegations about what condition he suffered from during the relevant time period.

Even reading plaintiff's vague allegations about his warfarin prescription as sufficient to permit an inference that he had a serious medical need, his complaint has a bigger problem: plaintiff has not alleged any facts that any of the named defendants were deliberately indifferent. As to CO Doe, plaintiff has not alleged that Doe knew that he had a serious medical condition requiring him to receive his warfarin as prescribed. Nor has he alleged facts suggesting that Doe actually knew or had reason to know that he had given plaintiff the wrong medication, or, more critically, that he intended to give him the wrong medication, or was reckless in doing so. For instance, plaintiff has not alleged that he told Doe that the medication he received was wrong or that Doe learned that the

medication was incorrect and failed to take any steps to correct the mistake. Indeed, even assuming that Doe actually provided the wrong medication, this was a one-time mistake, which suggests possibly negligence but not deliberate indifference. *See Robbins v. Pollard*, No. 16-cv-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016) (collecting cases); *Morrison v. Utz*, No. 11 C 4110, 2012 WL 293548, at *2 (C.D. Ill. Jan. 31, 2012); *Ehrenberg v. Wis. Dep't of Corr.*, No. 10 C 1022, 2010 WL 5089484, (E.D. Wis. Dec. 7, 2010) (prisoner did not state a constitutional claim based on allegations that he was given the wrong medicine dose); *Kirkwood v. Sirin*, No. 06 C 139, 2006 WL 587698, at *3 (E.D. Wis. Mar. 9, 2006) (prisoner failed to state constitutional claim for being given wrong medication one day).

As to nurses Kosthryz, Labarbara and Middleton, while plaintiff adequately pled that all of them knew that plaintiff was requesting his medications, he also alleged that they responded that correctional officers would be distributing the medications. He has not pled any facts suggesting that any of them knew that the correctional officers were distributing the medications improperly and failed to take any corrective actions. Indeed, while plaintiff alleges that on multiple occasions he received mixed signals from both the CO's and HSU staff, he never explicitly alleges that any staff had reason to know that he actually missed a dose of his medication and failed to take corrective action. Therefore, at this point plaintiff's allegations are insufficient to permit an inference that any of the defendants acted with deliberate indifference, so the court will not grant him leave to proceed on an Eighth Amendment claim. Likewise, as the court is not granting plaintiff

leave to proceed on his deliberate indifference claim, it will not exercise supplemental jurisdiction over his negligence claim at this time.

However, out of deference to plaintiff's *pro se* status, before dismissing plaintiff's complaint, the court will give plaintiff the opportunity to amend his complaint to include more specific information about the medication distribution process in September of 2016. If plaintiff submits a proposed amended complaint no later than **April 5, 2019**, the court will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). In preparing his amended complaint, plaintiff should take care to provide specific information about why he needed to take the warfarin, the amount of time he had to wait to receive his medication, who actually delivered his medication, and any injury that he suffered as a result of either waiting for his medication or receiving the wrong dosage. Further, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1. Plaintiff Ricky Collier may have until **April 5, 2019,** to amend his complaint to address the deficiencies described above.

2. If Collier does not file an amended complaint as directed, this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b). Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2).

Entered this 15th day of March, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge